**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DART MACHINERY, LTD.

                    Plaintiff,

v.

RACEREDI MOTORSPORTS,
LLC, & FINISHES, INC.,

                Defendants

_____/

CASE NUMBER: 08-13180

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**
**AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

       Pending before the Court are Defendants RaceRedi Motorsports and Finishes,

Inc.'s Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction (Doc. No.

2), and Plaintiff's Motion to Amend Complaint to add a count for injunctive relief based

on a breach of confidentiality (Doc. No.   12).  The Court heard oral argument on

November 12, 2008, and for the reasons that follow, Defendants' motion is **GRANTED**,

and Plaintiff's motion is **DENIED.**

**I.  STATEMENT OF FACTS**

       Plaintiff Dart Machinery, Ltd. ("Dart") is a Michigan corporation that develops,

manufactures, markets and distributes products relating to the racing industry, including

aluminum and cast iron engine blocks, cylinder heads, and other products that are

designed to meet the specialized needs of racers and high performance enthusiasts.

See Decl. of Richard Maskin, Pl.'s Ex. 3, ¶ 3.  Dart also produces, maintains, and leases

high performance racing engines to Pro Stock race teams competing in the National Hot

Rod Association ("NHRA") events.  Id. ¶ 4.  Dart takes orders for its products and services in Troy, Michigan.  Goods are shipped from Troy

.        Finishes, Inc. ("Finishes") is a Maryland corporation with its principal place of business in Maryland.  Defs.' Ex. 1, ¶ 3.  It asserts that its business activities are confined to Maryland, Virginia, West Virginia, and the District of Columbia.  Id. ¶ 5.  It has no agents, employees or representatives in Michigan, is not authorized to do business in Michigan, owns no property in Michigan, and does not contract to render services in or furnish material to Michigan.  Id. ¶¶ 6, 7.  Finishes is a sponsor of Defendant RaceRedi Motorsports ("RaceRedi").  Id. ¶ 19.  According to the Declaration of Virginia Humphrey, President of Finishes, and a member of RaceRedi, Finishes only contact with Plaintiff was to mail payments to Dart at its Michigan address pursuant to the sponsorship agreement it had with RaceRedi.  Id.

        RaceRedi is a Maryland limited liability company; all of its members are residents of Maryland.  Id. ¶ 10.  It is engaged in the automotive racing business that competes in drag racing in the National Hot Rod Association ("NHRA") POWERade Drag Racing series.  Id., ¶¶ 11, 12.  It has no agents, employees, or representatives in Michigan, is not authorized to do business in Michigan, owns no property here and does not contract to render service in or to furnish material to Michigan, Id. ¶¶ 16, 17.

        RaceRedi and Dart entered into an agreement for Dart to supply engines, maintenance, technical services, and parts for use in the 24 races of the 2008 season.  Id. ¶¶ 13, 14.  None of the races take place in Michigan.  Pursuant to the agreement Dart was to provide services at the race location.  RaceRedi mailed payments to Dart at its Michigan address.  Id. ¶ 19.

2

Dart field suit in Oakland County Circuit Court, advancing claims for breach of contract, unjust enrichment, and conversion arising out of alleged nonpayment for automotive engines, parts, and services Dart provided to RaceRedi. Dart also claims Defendants misappropriated or maliciously destroyed proprietary and trade secret information. According to Dart, it maintains data regarding race runs that it utilizes to assist in maintaining, operating, and modifying its Pro Stock engines. Defendants have possession of or access to the laptop, and when they returned it to Dart, the data had been deleted. The race data represents trade secret and proprietary and confidential information.

Defendants timely removed, and filed this motion to dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) challenges the sufficiency of the jurisdictional facts regarding the existence of personal jurisdiction over a defendant. The plaintiff has the burden of establishing the existence of personal jurisdiction. Chandler v. Barclays Bank PLC, 898 F.2d 1148, 1151 (6th Cir. 1990). When a court decides whether it has personal jurisdiction on the basis of written submissions alone, the plaintiff "may not rest on his pleadings to answer the movant's affidavits, but must set forth, by affidavit or otherwise . . . specific facts showing that the court has jurisdiction." Seras v. First Tennessee Bank Intel Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989). If a plaintiff's pleadings and affidavits state the facts with sufficient particularity, a court must ignore contrary assertions by a defendant. Id. at 1215. "Dismissal is proper only if all the specific facts which the plaintiff . . . alleges collectively fail to state a prima

3

facie case for jurisdiction." <u>Theunissen v. Matthews</u>, 935 F.2d 1454, 1458 (6th Cir. 1991).

Because this Court is relying only on the pleadings and affidavits of the parties, the plaintiff "need only make a prima facie showing of jurisdiction." <u>Id.</u>  In the absence of an evidentiary hearing, the "court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." <u>Id.</u>  The Court views the facts in the light most favorable to the nonmoving party.  <u>Seras</u>, 875 F.2d at 1214.

## III. ANALYSIS

"A federal district court sitting in diversity must apply the law of the forum state to determine whether it may exercise jurisdiction over the person of a non-resident defendant. However, constitutional concerns of due process limit application of this state law." <u>Theunissen v. Matthews</u>, 935 F.2d 1454, 1459 (6th Cir. 1991) (citations omitted).  Thus, "[a] court has personal jurisdiction over a defendant if the defendant is amenable to service of process under the state's long-arm statute, and if the exercise of personal jurisdiction would not deny the defendant due process." <u>Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog</u>, 954 F.2d 1174, 1176 (6th Cir. 1992).

Personal jurisdiction can be either general or specific, depending on the type of minimum contacts.  <u>Third Nat'l Bank v. Wedge Group Inc.</u>, 882 F.2d 1087, 1089 (6th Cir. 1989).  General jurisdiction depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant.  In contrast, specific jurisdiction exposes the defendant to suit in the forum state only as to those claims that "arise out of or relate to" the defendant's

4

contact with the forum.  Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414-15 (1984).

### A.  Jurisdiction over Finishes

The sole basis for Plaintiff's assertion of jurisdiction over Finishes is found at Paragraph 22 of its Complaint, which alleges that Finishes is an alter ego of RaceRedi. "Federal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide, 545 F.3d 357 (6th Cir. 2008).  Under Michigan law, to pierce a corporate veil, the corporate entity must be a mere instrumentality of another entity.  SCD Chemical Distributors, Inc. v. Medley, 512 N.W.2d 86 (Mich. App. 1994).  Further, the corporate entity must have been used to commit a wrong or fraud and plaintiff must have suffered an unjust injury or loss.  Id.

It is clear that in the absence of this relationship, this Court lack jurisdiction over Finishes.  Plaintiff repeats its belief that Finishes is the alter ego of RaceRedi, but it does not include a single factual allegation to support its belief in its responsive pleading.

According to the President of Finishes, Inc., Virginia Humphreys, she is a member of RaceRedi, and Finishes sent sponsorship payments of behalf of RaceRedi to Dart. Defs.' Ex. A, ¶¶ 9, 19.  Her statement demonstrates a business relationship existed between the two Defendants, and the relationship explains why Finishes sent payment to  Dart.

5

Finishes' business activities are wholly confined to Maryland, Virginia, West Virginia, and Washington, D.C. Id., at ¶ 4.  Dart connects Finishes to Michigan through its assertion that Finishes  conducted business with a Michigan entity, Parsons Infrastructure & Technology Group ("Parsons"),  See Pl.'s Ex. 11, because Parsons is identified as a reference for Finishes.  This fact  in no way shows that Finishes engaged in systematic and continuous contacts with Michigan.  The Court lacks jurisdiction over Finishes.

### B. Jurisdiction over RaceRedi

Dart maintains that the Court may exercise general and/or personal jurisdiction over RaceRedi.  The merits of its position are discussed below.

### I. General Jurisdiction

Under MICH. COMP. LAWS § 600.711, general jurisdiction may be asserted over a corporation if: (1) the corporation was incorporated under Michigan law; (2) the corporation consented to the court's jurisdiction; or (3) the corporation carries on a continuous and systematic part of its general business within the state.

Plaintiff asserts that RaceRedi has "continuous and systematic" contacts with Michigan.  The Court disagrees.   The evidence offered by Plaintiff in support of its position fails to meet its burden.  First, Dart provides the Court with an article posted on the NHRA web site that indicates a RaceRedi crew member engaged in testing sessions in Michigan. Pl.'s Ex. 2.  Second, Plaintiff relies on Maskin's declaration in which he states various crew members for RaceRedi were in Michigan on several occasions.  Pl.'s Ex. 3.  Neither exhibit establishes that RaceRedi conducted continuous or systematic business in Michigan.

6

Accordingly, the Court finds it may not exercise general jurisdiction over Raceredi.

### 2.  Limited Jurisdiction

#### a.  Long-arm statute

The Michigan long-arm statute also specifies the conditions under which Michigan courts may exercise specific personal jurisdiction over nonresident corporate defendants. Pursuant to MICH. COMP. LAWS § 600.715, specific jurisdiction exists when the plaintiff's claim arises out of the defendant's contact with the state.  The statute allows the Court to assert personal jurisdiction over a defendant who, among other things, transacts "any business within" Michigan.  MICH. COMP. LAWS § 600.715(1).  The provision is interpreted broadly, and it includes even the "slightest" business contact. Sifers v. Horen, 188 N.W.2d 623, 624 n.2 (Mich 1971).

Here, RaceRedi executed a contract with a Michigan company that required payment to be remitted to Plaintiff's Michigan office. The contract obligations lasted throughout the course of a racing season.  Plaintiff maintains that these facts demonstrate that RaceRedi conducted business in Michigan.

Given the broad interpretation, the Court will assume that the transaction of business provision is satisfied and consider "whether the exercise of limited personal jurisdiction violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution."  Florists' Transworld Delivery, Inc. v. Fleurop-Interflora, No. 01-CV-70954, 2003 WL 21051089 (E. D. Mich. April 10, 2003) (citing Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 954 F.2d 1174, 1176-77 (6th Cir. 1992)).

#### b.  Due process

Under the Due Process Clause of the Fourteenth Amendment, "[a] state court may exercise personal jurisdiction over a nonresident defendant so long as there exists 'minimum contacts' between the defendant and the forum State." World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 291 (1980) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)). In the Sixth Circuit, such jurisdiction exists only when the following three conditions are satisfied: "[f]irst, the Defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000) (citing Southern Mach. Co. v. Mohasco Indus., 401 F.2d 374, 381 (6th Cir. 1968)).

As to the first prong, "purposeful availment. . .is present when the defendant's contacts with the forum state 'proximately result from actions by the defendant [itself] that create a "substantial connection" with the forum State.'" Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 889 (6th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). This purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Calphalon, 228 F.3d at 722.

The second prong, the requirement that Plaintiff's cause of action arises from Defendant's activities in the forum state, should not be construed too strictly. If Defendant's contacts with Michigan are "related to the operative facts of the controversy, then an action will be deemed to have ar[isen] from those contacts." CompuServe, Inc. v. Patterson, 89

8

F.3d 1257, 1267 (6th Cir. 1996).  In other words, so long as the cause of action has "[a] substantial connection with defendant's in-state activities," it is not necessary that it formally arise from defendant's contacts with the forum.  See Third Nat'l. Bank in Nashville v. WEDGE Group, Inc., 882 F.2d 1087, 1091 (6th Cir. 1989) (quoting Mohasco, 401 F.2d at 384 n. 27).

Typically, if Plaintiff meets the first two prongs of the test, an inference arises that the third element has been met as well.  See Bird v. Parsons, 289 F.3d 865, 875 (6th Cir. 2002) (citing CompuServe, Inc, 89 F.3d at 1268).  To overcome this inference, the defendant must present a "compelling case that the presence of some other considerations render personal jurisdiction unreasonable." Burger King, 471 U.S. at 477. The Court then must balance the "burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief." Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 133 (1987).

Again, because there has been no evidentiary hearing on the issue of personal jurisdiction, the Court limits its inquiry to whether Plaintiff has established a "prima facie showing of jurisdiction," CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996), and draws all reasonable inferences and resolves all factual disputes in favor of Plaintiff as the party invoking federal jurisdiction.  See Nationwide Mutual Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790 (6th Cir. 1996).

*i.  purposeful availment*

In this case it is undisputed that the parties negotiated their contract in California and that the work was performed in places other than Michigan.  The evidence provided by Plaintiff to support its position that personal jurisdiction is justified fails to demonstrate that

9

RaceRedi's contact with Michigan created a substantial connection with Michigan.  In his Declaration, Richard Maskin, President of Dart, states:

> Brandon Beaver, and various crew members for RaceRedi, have come to Michigan on several occasions, including, leaving all their equipment at Dart over the winter months of 2007 and 2008 to work with Dart on the Pro Stock car and other matters.

Decl. at ¶ 17.  In addition, RaceRedi's website reveals that its employees, agents and representatives, and team members travel across the country, including Michigan engaging in high performance racing and testing.  See Pl.'s Ex. 2.  According to the exhibit, Justin Humphreys, a driver, worked with Maskin.  Id.

This evidence falls short of demonstrating RaceRedi purposely availed itself of the privilege of acting in Michigan.  RaceRedi is an out-of-state buyer that agreed to purchase goods and services from a Michigan corporation to be provided out of state.  The agreement was formed in California.  Even if members of the crew have come to Dart's Troy, Michigan location, and left their equipment at Dart for several months, Plaintiff has not alleged a sufficient factual basis for the Court to conclude that this prong is satisfied.

> ii.  *Does cause of action arise out of Defendant's activities in Michigan*

Plaintiff has not alleged that members of the RaceRedi team visited Dart's business pursuant to the contract.  If the cause of action in this lawsuit is unrelated to Defendant's contact with Michigan, it does not support the existence of personal jurisdiction.  Reynolds v. Int'l Amateur Athletic Federation, 23 F.2d 1110, 1119 (6th Cir. 1994) (observing that an action does not rise from a defendant's contacts with the forum state when "they are unrelated to the operative facts of the controversy") (citation omitted).  The dispute here deals with a breach of contract to pay for services and good relative to races that were not

10

taking place in Michigan.  The contract was negotiated in California, not Michigan.  The controversy arose from those contacts.  CompuServe, 89 F.3d at 1267.

*iii. reasonableness*

When the first two prongs of the test have been satisfied, an inference arises that the exercise of jurisdiction over RaceRedi would comport with traditional notions of fair play and substantial justice.  That is not the case here.

Applying the three prong-analysis articulated by the Sixth Circuit, the Court concludes that Plaintiff has not met its burden to show a prima facie case for personal jurisdiction over RaceRedi.

**C.  Motion to Amend**

The Court's finding that it lacks jurisdiction over Plaintiff's breach of contract claims does not necessarily resolve Plaintiff's request for leave to amend its complaint to add a claim for injunctive relief relating to breach of a Confidentiality Agreement.  Although Rule FED. R. CIV. P. 15 (a)(2), mandates that leave to amend be freely given when justice so requires, here amendment is futile.

In its proposed complaint, Dart's claim that RaceRedi breached the parties' Confidentiality Agreement is based on a press release from the NHRA.  Defendant maintains that, according to the information in the article, any breach that occurred took place in Georgia.  It maintains that amendment is futile because personal jurisdiction is lacking over this claim as well.  The Court agrees.

Plaintiff offers no new factual allegations to support jurisdiction.  Dart relies on the opinion issued by the federal district court judge in litigation filed by  RaceRedi against Dart

11

Machinery in federal district court in Maryland as a basis to reject Defendants' argument. See Pl.'s Reply.  Dart's reliance is misplaced.

Although the district court judge transferred that action to the Eastern District of Michigan, the decision was based on the first to file doctrine.  See Pl.'s Reply, Ex. 1.  The opinion does not address the issue of personal jurisdiction.  Accordingly, Plaintiff has failed to provide any basis for the Court to conclude that amendment is not futile.

## IV.  CONCLUSION

In light of the Court's finding that the exercise of personal jurisdiction over Defendants violates due process, it **GRANTS** Defendants' motion to dismiss.  The Court **DENIES** Plaintiff's motion for leave to amend its complaint pursuant to Fed. R. Civ. P. 15 to add a claim for injunctive relief relating to breach of a Confidentiality Agreement.

**IT IS SO ORDERED**


s/Marianne O. Battani
MARIANNE  O. BATTANI
UNITED STATES DISTRICT COURT JUDGE


DATED: January 30, 2009

12

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Deputy Clerk

13